United States District Court
Southern District of Texas
**ENTERED**
August 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Michele Mitru, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-23-3624 |
| | § | |
| Transocean Offshore Deepwater | § | |
| Drilling, Inc., et al., | § | |
|     *Defendants*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 19. Pending before the court is Defendant Lidan Marine AB's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2). ECF No. 12. The court recommends that the motion to dismiss be **GRANTED**.

### 1. *Background*

On December 7, 2022, Plaintiff Michele Mitru was working as a seaman aboard Defendant Transocean Offshore Deepwater Drilling, Inc.'s vessel—the *Deepwater Thalassa*. ECF No. 1-4 at 3. While the vessel was located in the Louisiana waters of the Gulf of Mexico, Mitru was struck in the face by a falling piece of equipment that he alleges caused him "severe and lasting injuries in his lip, head, neck, and back." *Id.* Mitru alleges that the piece of falling equipment was manufactured by Defendant Lidan Marine AB ("Lidan"). *Id.*

Mitru filed his First Amended Petition on September 19, 2023, in the 215th Judicial District Court of Harris County, Texas alleging negligence, negligence per se, and gross negligence

against all Defendants. ECF No. 1-4 at 1. Mitru also alleges that Lidan improperly designed and manufactured the equipment. *Id.*

After some delay related to service of process on Lidan under the Hague Convention, Lidan filed the instant Motion to Dismiss for Lack of Personal Jurisdiction. ECF No. 12. In summary, Lidan takes the position that it has few contacts with Texas, that the accident did not even occur in Texas, and that the accident was not a result of any contact it may have had with Texas. For example, while the Petition alleges that Lidan "maintains offices in Texas with potential to be served at 22136 Westheimer Parkway #945, Katy, Texas 77450 or 22015 South Freeway, Manvel, Texas 77578," ECF No. 1-4 at 2–3, Lidan explains that "these two addresses are associated with third party entities, Til[l]man Solutions LLC and Alatas Americas, Inc. Til[l]man Solutions LLC and Alatas Americas, Inc. are separate and distinct entities from Lidan Marine AB, and neither entity was involved in the purchase order or services contract related to the present matter." ECF No. 12 at 8–9.

Lidan attached to its motion Gustav Löfholm's declaration. ECF No. 12-2. Löfholm, Lidan's Managing Director, declared, among other things, that Lidan is a Swedish entity with its headquarters in Lidköping, Sweden; that it has never been registered, licensed, or otherwise authorized to do business in Texas; that it has never maintained any office or place of business in Texas; that it has never maintained a mailing address or physical address in Texas; that it does not have any subsidiary companies; that it completes purchase deliveries within Sweden except for a few past negotiated exceptions; and that it performs all aspects of its obligations under a sales order or contract in Sweden. *Id.* at 1–2.

The court granted Mitru's request to conduct jurisdictional discovery, including a deposition of Lidan's corporate

2

representative, before filing a response to Lidan's motion to dismiss. ECF No. 14. In his response, Mitru concedes that "there is not sufficient evidence to get past the jurisdictional standard at this point" because, currently, "the parties lack the details of Lidan's contacts over and above the peripheral ones listed in its discovery responses." ECF No. 18 at 1, 4. Mitru requests that dismissal of Lidan be without prejudice so that "if he later develops sufficient legal contacts, he be able to expeditiously bring Lidan back into the case through service on counsel." *Id.* at 4.

### *2. Legal Standard for Personal Jurisdiction*

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to make a *prima facie* showing that the court has jurisdiction over a nonresident defendant. *See Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). The court may rely on affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery to determine whether it can assert jurisdiction. *Stuart*, 772 F.2d at 1192. Uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). After a plaintiff makes its prima facie case, the burden then shifts to the defendant to present "a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

A federal district court has jurisdiction over a nonresident defendant if: (1) the state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of jurisdiction is consistent with due process under the United States Constitution. *Asarco*, 912 F.2d at 786. "The Texas Supreme Court has interpreted the Texas long-arm provisions as conferring

3

personal jurisdiction over nonresidents whenever consistent with constitutional due process." *Montelongo v. My Fin. Sols. LLC*, No. SA-19-CV-00577-JKP, 2020 WL 210814, at *1 (W.D. Tex. Jan. 14, 2020) (quoting *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)) (citing *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)) (internal quotation marks omitted). Therefore, the court need only analyze whether the exercise of jurisdiction is consistent with constitutional due process. *Ham*, 4 F.3d at 415. In doing so, the court must determine: (1) whether the nonresident defendant established "minimum contacts" with the forum state; and (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice." *Asarco*, 912 F.2d at 786 (citing *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.,* 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985); *Gulf Consol. Servs. v. Corinth Pipeworks, S.A.*, 898 F.2d 1071 (5th Cir. 1990)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (internal quotation marks omitted). This "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*, 471 U.S. at 475 (1985) (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 299 (1980)). The "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de*

4

*Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984) (citing *Kulko v. California Superior Court,* 436 U.S. 84, 93 (1978); *Hanson v. Denckla,* 357 U.S. at 253; Lilly, *Jurisdiction Over Domestic and Alien Defendants,* 69 Va. L. Rev. 85, 99 (1983)).

A determination of "minimum contacts" may be subdivided into two categories: contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction. *Marathon Oil Co. v. A.G. Ruhrgas,* 182 F.3d 291, 295 (5th Cir. 1999). A nonresident defendant's contacts with the forum state establish specific jurisdiction when a cause of action arises from or is directly related to those contacts. *Id.* (citing *Helicopteros,* 466 U.S. 408 (1984)). On the other hand, contacts with the forum state establish general personal jurisdiction if they are "continuous, systematic, and substantial," even if they are unrelated to the cause of action. *Marathon Oil,* 182 F.3d at 295.

"'Ordinarily, when a complaint is dismissed for lack of jurisdiction . . . it should be without prejudice.'" *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.,* 103 F.4th 383, 396 (5th Cir. 2024) (quoting *Denning v. Bond Pharmacy, Inc.,* 50 F.4th 445, 452 (5th Cir. 2022)).

### 3. Analysis

As to specific jurisdiction, Mitru concedes that he has not made a *prima facie* showing that the present cause of action arose from or is directly related to Lidan's contacts with Texas. *C.f. Marathon Oil,* 182 F.3d at 295. First, Lidan notes that the accident did not even occur in Texas. It would therefore be somewhat of a stretch to say that the accident arose from or is related any contact Lidan had with Texas. As for Mitru's assertion that Lidan maintains offices in Texas, he does not allege that these offices have anything to do with the present causes of action. The equipment that fell on Mitru may have been manufactured by Lidan, but that is not a contact with Texas giving rise to personal

jurisdiction here. Mitru does not meaningfully argue to the contrary.

As for general jurisdiction, Mitru's only argument is that Lidan maintains offices in Texas. That assertion is rebutted by Löfholm's affidavit. Mitru has not submitted any evidence controverting Löfholm's affidavit. The court therefore takes it as true at this point. Again, Mitru concedes that "there is not sufficient evidence to get past the jurisdictional standard at this point." ECF No. 18 at 1.

Plaintiff has failed to meet his burden to show Lidan's continuous, systematic, and substantial contacts with the forum state. Therefore, the court lacks personal jurisdiction over Lidan. *See Asarco*, 912 F.2d at 785–86 ("In light of uncontroverted assertions in defendants' affidavits, we find that plaintiffs failed to make such a showing and thus agree with the district court that it lacked personal jurisdiction."). The court need not reach whether the exercise of personal jurisdiction over Lidan would offend "traditional notions of fair play and substantial justice."

### *4. Conclusion*

Because the court lacks personal jurisdiction over Defendant Lidan, the court recommends that Defendant Lidan Marine AB's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Federal Rule of Civil Procedure 12(b)(2) be **GRANTED** and that the claims against Lidan be dismissed without prejudice.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on August 13, 2024.

_____
Peter Bray
United States Magistrate Judge